# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS PARRISH, JR. and MARK PARRISH, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-14-01283-M ) |
| RANGE RESOURCES CORPORATION; RANGE RESOURCES MID CONTINENT, LLC; RANGE PRODUCTION COMPANY; and RANGE PRODUCTION COMPANY, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiffs' Motion to Remand and Brief in Support, filed January 23, 2015. On February 23, 2015, defendants filed a response, and on March 10, 2015, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On October 17, 2014, plaintiffs, royalty owners of gas wells in Oklahoma, filed this present class action against defendants.[1] Plaintiffs allege that defendants systematically underpaid royalty on gas produced from these Oklahoma wells by unlawfully deducting certain fees from the royalty payments. On November 17, 2014, defendants removed this case alleging jurisdiction under the Class Action Fairness Act ("CAFA"). Subsequently, plaintiffs filed this motion to remand alleging the Court lacks subject matter jurisdiction.

---

[1] Plaintiffs allege that the parties previously litigated these same issues in *Drummond, et al. v. Range, et al.*, Case No. CJ-2010-510 (Dist. Ct. Grady Cnty., Okla.) (2010), the *Drummond* case was settled for $87.5 million, and despite the settlement, defendants continued their unlawful practice of deducting certain fees from royalty payments.

II. Discussion

Under CAFA, a United States district court may exercise original jurisdiction over a class action if a party shows, "among other things, that 'the matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interests and costs.'" *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting 28 U.S.C. § 1332(d)(2)).

> The amount in controversy, in turn, is not "the amount the plaintiff will recover," but rather "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *see also Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973) ("The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith.").

*Frederick*, 683 F.3d at 1245. "[A] defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence." *Id.* at 1246. A removing party may make this showing in several ways, including:

> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. *McPhail*, 529 F.3d at 954 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006)).

*Frederick*, 683 F.3d at 1247. Thus, the removing party is entitled to present its own estimate of the stakes; it is not bound by the plaintiffs' estimate in the complaint. *Id.* Further,

> . . . a plaintiff's attempt to limit damages in the complaint is not dispositive when determining the amount in controversy. Regardless of the plaintiff's pleadings, federal jurisdiction is proper if a defendant proves jurisdictional facts by a "preponderance of the evidence" such that the amount in controversy may exceed $5,000,000. Once a defendant meets this burden, remand is appropriate only if the plaintiff can establish that it is legally impossible to recover more than $5,000,000.

*Id.* (internal footnote and citations omitted).

In the case at bar, plaintiffs assert that the Court lacks jurisdiction because: (1) CAFA's "the matter in controversy exceeds the sum or value of $5,000,000" requirement is not met, and (2) this is not an interstate case of national importance[2]. Specifically, plaintiffs contend that, among other things, in their Petition they specifically limited their damages to under five million dollars; defendants' expert did not conduct a full analysis and provides simply rough estimates[3]; defendants improperly conflate their estimation of $5,539,498 in dispute by including damages related to well leases that expressly allow the deduction of the fees at issue from the royalty payments[4]; and defendants' expert used "strange", unclear, and other doubtful methods to reach his estimation. Defendants respond that despite plaintiffs' contentions, the evidence clearly establishes the amount in controversy exceeds the five million dollars amount requirement. Specifically, defendants assert that plaintiffs' Petition does not make a distinction between leases that allow for deduction of such fees and leases that do not. In addition, defendants assert that even if such deduction were made thereby reducing the amount in controversy to $4,913,374.00

---

[2] As plaintiffs concede in their briefs, the "interest of justice" exception does not apply in this matter as defendants are not residents of Oklahoma. *See* 28 U.S.C. § 1332(d)(3). It appears plaintiffs are merely asserting this case does not deserve a preference for removal under the CAFA as defendants advocate. Having found CAFA's jurisdictional requirements are met in this case, and the fact defendants are not residents of Oklahoma, the Court denies plaintiffs' request to remand this case on this ground.

[3] There are over four hundred wells involved in this case for each of the thirteen months (June 2013 through June 2014) at issue in this case. Defendants' expert, Charles Evans, who also served as defendants' expert in the *Drummond* case, took data from key wells for September 2013, November 2013, May 2014 and June 2014 and he then extrapolated for other wells and months. Using these methods, Mr. Evans determined that the amount at issue is $5,539,498.

[4] Plaintiffs contend that they are not seeking damages for some of the wells that contain provisions in their lease permitting deduction of the fees at issue from the royalty payments. When taking these wells into account and excluding them from defendants' estimated amount, plaintiffs assert that the estimated amount in controversy is $4,913,374.00.

as plaintiffs suggest, when taking into account plaintiffs' attorneys' fees, interest, and accounting, it would easily exceed the five million dollars amount in controversy requirement.[5]

Having carefully reviewed plaintiffs' Petition, defendants' notice of removal, and the parties' briefs, the Court finds that removal is proper because defendants have shown by a preponderance of the evidence that the amount in controversy may exceed five million dollars. In their Petition, plaintiffs allege that defendants underpaid royalty due to class members on production of gas and its constituents from the Oklahoma wells by engaging in various improper deductions and reduction from royalty payments including, but not limited to,

> (1) deducting direct and indirect fees for marketing, gathering, compression, dehydration, processing, treatment, and other similar services; (2) not paying royalty on wellhead gas that was used off the lease premises or in the manufacture of products; and (3) not paying royalty on condensate that dropped out of the gas stream (hereinafter referred to as "Fees"). These Fees were incurred to transform raw wellhead gas into marketable condition for sale.

Petition ¶ 13. Nowhere in their Petition do plaintiffs make a restriction that those well leases that allow for such fee deductions from the royalty payments are excluded from their claims. The amount plaintiffs will ultimately recover is not at issue, but rather an estimate of the amount that may be at issue in the course of the litigation is controlling. After carefully reviewing plaintiffs' allegations in their Petition and defendants' notice of removal, the Court finds that defendants have shown by a preponderance of the evidence that the amount in controversy in this case may exceed five million dollars. Because plaintiffs have not shown that a recovery for that amount is legally impossible, the Court finds that it has subject matter jurisdiction over this matter.[6]

---

[5] Having found CAFA's amount in controversy requirement has been met, the Court need not address this assertion.

[6] Plaintiffs also allege that defendants refused to provide sufficient discovery to allow plaintiffs to accurately calculate the amount in controversy in this matter. Because this led to plaintiffs having to obtain such information from third parties, plaintiffs move the Court to either compel defendants to produce such documents or impose a presumption against defendants. Having

III.	Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiffs' Motion to Remand and Brief in Support [docket no. 25].

**IT IS SO ORDERED this 1st day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

found that defendants have demonstrated by a preponderance of the evidence that the amount in controversy may exceed five million dollars, the Court finds plaintiffs' requests to be moot.