# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS PARRISH, JR. and<br>MARK PARRISH,<br><br>   Plaintiffs,<br><br>vs.<br><br>RANGE RESOURCES CORPORATION,<br>RANGE RESOURCES MID-11392<br>CONTINENT, LLC,<br>RANGE PRODUCTION COMPANY,<br>and RANGE PRODUCTION<br>COMPANY, LLC,<br><br>   Defendants. | Case No. CIV-14-1283-M |

## ORDER

Before the Court is Plaintiffs' Motion for Voluntary Dismissal Without Prejudice and Brief in Support, filed June 22, 2015. On June 24, 2015, defendants responded, and on July 1, 2015, plaintiffs replied. Based on the parties' submissions, the Court makes its determination.

I. Background

On November 17, 2014, defendants removed this action to this Court from the District Court of Grady County, State of Oklahoma. On April 1, 2015, the Court denied plaintiffs' motion to remand back to state court. Now, plaintiffs seek to voluntarily dismiss this matter, pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants contend that plaintiffs are forum shopping and that they will be prejudiced if the Court dismisses this action. Defendants ask the Court to deny plaintiffs' motion, or alternatively, if the Court grants plaintiffs' motion, to impose the following conditions: (1) any subsequent suit filed by plaintiffs must be refiled in this Court, and (2) the Court retains jurisdiction of this action for the limited purpose of entering any order necessary to protect its jurisdiction if plaintiffs or their counsel refile this action.

Alternatively, in the event the Court grants plaintiffs' motion, without the conditions, defendants ask the Court to order plaintiffs to pay defendants their attorney fees, expenses, and costs incurred in this case if plaintiffs refile this action in a different forum.

II.     Discussion

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part:

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice.

Fed. R. Civ. P. 41(a)(2). The Tenth Circuit has found that:

> Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action. Thus, it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court.

*Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1413 (10th Cir. 1991). "Absent legal prejudice to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). "The parameters of what constitutes legal prejudice are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that defendants will not be prejudiced by the dismissal of this action. Specifically, the Court finds that this action is

still in the preliminary stages, no trial schedule has been set, and while the Court found jurisdiction proper in this Court, pursuant to the Class Action Fairness Act, defendants have not shown how they will be prejudiced if this action is dismissed. The authority is clear; the possible recommencement of this action in another forum is not enough to prevent the Court from dismissing this action pursuant to Rule 41(a)(2). Further, the Court declines to impose any conditions on the dismissal of this action or require plaintiffs to pay attorney fees to defendants if this action is refiled elsewhere. Therefore, the Court finds plaintiffs' action should be dismissed pursuant to Rule 41(a)(2).

III. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Plaintiffs' Motion for Voluntary Dismissal Without Prejudice and Brief in Support [docket no. 38] and DISMISSES this action without prejudice.

**IT IS SO ORDERED this 1st day of October, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE